United States District Court
Southern District of Texas
**ENTERED**
July 28, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ALPHONSO BOUTIRE, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:17-CV-10 |
| § | |
| J. PAIZ, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

This civil rights action was filed by a former Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff Alphonso Boutire's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and her allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's deliberate indifference claims against Defendants be dismissed with prejudice for failure to state a

claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is respectfully recommended further that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

**I.      JURISDICTION.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.     BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.**

On August 1, 2016, Plaintiff was convicted in Bexar County, Texas, for failure to register as a sex offender and was sentenced to two years in prison.  Plaintiff is currently placed in a work release program at the Bexar County Adult Detention Center in San Antonio, Texas.  In his Original Complaint filed on May 1, 2017, Plaintiff alleged violations of constitutional rights by the following medical personnel at the Garza West Unit in Beeville, Texas: (1) J. Paiz, Patient Care Assistant (PCA); (2) D. Hershap, Licensed Vocational Nurse (LVN); (3) A. Gomez, LVN; (4) Frances Chennault, LVN; (5) Robin Ellerbee, Registered Nurse (RN); (6) Olufolake A. Ogunlade; Nurse Practitioner (NP); and (7) Lorraine L. Reyna (RN).

Because Plaintiff did not submit his Original Complaint on the proper 42 U.S.C. § 1983 form, the undersigned ordered Plaintiff to file an amended complaint on the proper form. (D.E. 22).  Plaintiff submitted his Amended Complaint on May 10, 2017, naming the same seven defendants. (D.E. 24).  The undersigned construes Plaintiff's lawsuit as suing each defendant in his or her individual and official capacity.

On May 30, 2017, the undersigned scheduled a *Spears*[1] hearing for June 14, 2017, where Plaintiff was to appear by telephone. (D.E. 26). According to officials at the work release program where Plaintiff is housed, Plaintiff requested that he be allowed to call the Court at 3:00 p.m. instead of missing his work detail for the day. Plaintiff, however, failed to call the Court at the appointed time. Therefore, the undersigned cancelled the *Spears* hearing and entered an order on June 14, 2017, requiring Plaintiff to show cause within twenty (20) days why his claims should not be dismissed for failure to prosecute. (D.E. 27). Plaintiff has not responded to the show cause order.

Despite Plaintiff's failure to appear at the *Spears* hearing and to respond to the show cause order, the undersigned will liberally construe his Amended Complaint as filed. However, based on Plaintiff's willful failure to appear at the *Spears* hearing and to comply with the show cause order, the undersigned recommends Plaintiff not be given further leave to amend or otherwise supplement his Amended Complaint.

In his Amended Complaint, Plaintiff states that he arrived at the Garza West Unit on September 1, 2016, and immediately complained about his medical needs. However, an unidentified nurse refused to reissue or prescribe any replacement medications. The same nurse also ignored all of Plaintiff's relevant medical documents.

On September 4, 2016, Plaintiff was "ambulated" to the health care unit due to his condition worsening. An unidentified defendant then left Plaintiff sick. Despite an order

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

from security for Plaintiff to receive medical services, Plaintiff was denied medical care because he had no funds to pay for any services.

Plaintiff asserts that each of the named Defendants willfully denied him medical treatment and/or falsified documents in an effort to show that there were no medical issues worth testing or treating. During his stay at the Garza West Unit, Plaintiff did not receive any adequate medical services and, instead was given a bill. For nearly twenty days, Plaintiff was left dripping and leaking fluid from his arms, hand, neck, and back. Plaintiff seeks monetary damages and injunctive relief.

### III.   LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

## IV. DISCUSSION.

### A. Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver*, 276 F.3d at 742 (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing each Defendant in his or her official capacity for money damages, those claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice.

### B. Claims for Injunctive Relief

Plaintiff seeks injunctive relief in addition to monetary damages. The Garza West Unit is a transfer facility, and Plaintiff is no longer incarcerated at that unit. His transfer from the Garza West Unit, therefore, renders moot any request for injunctive relief

against Defendants. *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of facility). Accordingly, it is respectfully respected that Plaintiff's claims for injunctive relief against Defendants be dismissed with prejudice.

### C. Deliberate Indifference Claims

The Eighth Amendment imposes a duty on prison officials to provide adequate medical care to inmates. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). To state an Eighth Amendment violation, an inmate must allege that the prison official acted with deliberate indifference to his serious medical needs, resulting in an unnecessary and wanton infliction of pain. *Rogers*, 709 F.3d at 409.

Deliberate indifference includes both objective and subjective prongs. *Id.* at 410. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. Indeed, negligent medical care does not constitute a valid § 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). *See also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("It is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim."). In the context of medical treatment, the prisoner must instead show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert*, 463 F.3d at 346 (internal quotation marks and citation omitted).

In his Amended Complaint, Plaintiff complains about unspecified medical needs and the failure of Defendants to prescribe or reissue unidentified medications. Plaintiff alleges further that his unspecified medical condition worsened and that he was left for nearly three weeks dripping and leaking fluid from his arms, hand, neck, and back. Without providing any facts detailing the nature of his medical condition, the medications sought, or the type of fluid leaking and dripping from his body, Plaintiff's conclusory allegations fail to indicate the existence of or exposure to a substantial risk of serious harm. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (concluding that a complaint offering only conclusions or "naked assertion[s]" devoid of "further factual enhancement" is insufficient).

Plaintiff also provides only conclusory allegations that each Defendant acted with deliberate indifference to his serious medical needs.  He fails to allege any specific facts describing how each defendant denied him proper medical treatment or otherwise falsified any medical records to cover up the lack of treatment provided.  Thus, even if Plaintiff sufficiently alleged "objective exposure to a substantial risk of serious harm," his allegations are insufficient to state a claim of deliberate indifference against any of the individual Defendants named in his lawsuit.  *See Twombly*, 550 U.S. at 557.  Accordingly, it is respectfully recommended that Plaintiff's deliberate indifference claims be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### D. Non-compliance with Court Orders

Plaintiff voluntarily chose not to attend the *Spears* hearing on June 14, 2017. Plaintiff subsequently failed to comply with the undersigned's order to show cause within twenty (20) days why his claims should not be dismissed for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is

confined solely in whether the Court's discretion was abused. *Green v. Forney Eng'g Co.,* 589 F.2d 243, 247-48 (5th Cir. 1979); *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978).

Despite Plaintiff's non-compliance, the undersigned recommends Plaintiff's case be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) rather than pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Dismissal for failure to comply with court orders does not constitute a strike for purposes of the PLRA. *See Brown v. Megg*, 857 F.3d 287, 291-92 (5th Cir. 2017) (citations omitted) (noting a strike is issued only when the entire case is dismissed for enumerated grounds, that is for being frivolous, malicious, or failing to state a claim). However, Plaintiff's unwillingness to appear at the *Spears* hearing and to comply with the show cause order is a sufficient reason not to allow Plaintiff further leave to amend and serves as an additional reason why a strike is appropriate in this case.

### V.     CONCLUSION.

For the foregoing reasons, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is further recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk

of Court be instructed to send notice of this dismissal to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 28th day of July, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).